as a result of a prior DWI conviction. "Thus, defendant waived his contention that his due process rights were violated" (*People v Tatro, supra*, at 1040).

Defendant contends that a later stipulation read to the jury indicating that he did not have a driver's license and that he knew that his license was revoked violated the assurances that were given by the court when he stipulated to the automatic conviction procedure. Defendant consented to that later stipulation and did not object when it was read to the jury. Thus, that contention is not preserved for our review (*see,* CPL 470.05 [2]). In any event, in keeping with the court's assurances, the jury was never informed that defendant's license was revoked as a result of a DWI conviction. We reject the contention of defendant that he was denied effective assistance of counsel (*see, People v Baldi*, 54 NY2d 137, 147).

Defendant further contends that the court imposed a $750 fine for driving while ability impaired under the mistaken belief that such a fine was mandatory. While sentencing defendant on that conviction, the court observed: "There's a mandatory fine on that conviction. I'm fining you the seven hundred and fifty dollars." Vehicle and Traffic Law § 1193 (1) (a) provides for a fine, a period of imprisonment, or both, and it thus does not require the imposition of a fine. Because the court failed to apprehend the extent of its discretion, we modify the judgment by vacating the sentence imposed for driving while ability impaired and remit the matter to Supreme Court for resentencing on that conviction (*see, People v Thomas*, 245 AD2d 1136; *People v Moore*, 212 AD2d 1062). (Appeal from Judgment of Supreme Court, Erie County, Buscaglia, J.—Aggravated Unlicensed Operation Motor Vehicle, 1st Degree.) Present— Pine, J. P., Hayes, Wisner, Kehoe and Lawton, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT VAN DUSER, Appellant. (Appeal No. 1.) [716 NYS2d 348] —Appeal unanimously dismissed (*see,* CPL 450.30 [3]). (Appeal from Judgment of Wayne County Court, Parenti, J.—Criminal Contempt, 1st Degree.) Present—Pine, J. P., Hayes, Wisner, Kehoe and Lawton, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT VAN DUSER, Appellant. (Appeal No. 2.) [716 NYS2d 197] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment resentencing him on his conviction of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]), harassment in the second degree (Penal Law § 240.26 [1]), and disorderly conduct (Penal Law § 240.20 [3]). Defendant